IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MELVIN LEE JACKSON, JR.                                                      PLAINTIFF

v.                              Civil No. 2:25-cv-06102-SOH-MEF

DOUGLAS A. COLLINS, Secretary
of Veterans Affairs and THE UNITED
STATES DEPARTMENT OF VETERANS
AFFAIRS                                                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Defendants' Motion to Dismiss and Plaintiff's response. (ECF Nos. 36, 38).  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for all pretrial matters.  (ECF No. 9).

## I.     BACKGROUND

On October 2, 2025, Plaintiff filed a Complaint against the Defendants alleging violations of the Rehabilitation Act, Administrative Procedure Act, Mandamus Act, as well as constitutional violations associated with the Department of Veteran Affairs' classification of his military discharge as "other than honorable," which has resulted in a denial of services.  (ECF No. 2).  He also seeks a Temporary Restraining Order against the Defendants directing them to refrain from using labels such as "dishonorable for VA purposes" and immediately adjudicate his claim.  (ECF No. 4).  Summons were issued in this case on October 21, 2025, however, due to a lapse in appropriations, the case was stayed from November 12 until November 17, 2025.  (ECF Nos. 16, 20, 22, 23).

Pursuant to the Defendants' Motion for Extension of Time to Answer (ECF No. 27), their answer deadline was extended to January 29, 2026.  (ECF No. 29).  On January 20, Plaintiff filed

a Petition for Writ of Mandamus with the United States Court of Appeals for the Eighth Circuit. (ECF No. 30).  Said petition was denied on January 21.  (ECF No. 32).

Defendants answer deadline was ultimately extended until February 2, 2026.  (ECF No. 35).  On February 2, 2026, they filed a Motion to Dismiss and Memorandum Brief in Support. (ECF Nos. 36, 37).  Plaintiff filed his Response in Opposition on February 3, 2026.  (ECF No. 38). Plaintiff then filed a self-styled "Notice of Supplemental Record Facts and Authorities" on February 9, 2026.  (ECF No. 39).

## II.    APPLICABLE LAW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  The Eighth Circuit Court of Appeals has explained that regarding a Rule 12(b)(1) motion:

> The plaintiff bears "the burden of proving the existence of subject matter jurisdiction," and we may look at materials "outside the pleadings" in conducting our review.  [*Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)] (quoting *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)).  Because of the "unique nature of the jurisdictional question," *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted), it is the court's duty to "decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue," *id*. at 730.  As such, if the court's inquiry extends beyond the pleadings, it is not necessary to apply Rule 56 summary judgment standards.  *Id.* at 729.  Rather, the court may receive evidence via "any rational mode of inquiry," and the parties may "request an evidentiary hearing." *Id.* at 730 (quoting *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)). Ultimately, the court must rule upon "the jurisdictional issue [unless it] is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'"  *Id.* (quoting *Crawford*, 796 F.2d at 928).

*Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019); *see also Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) ("[A] motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) raises a factual challenge to

2

the court's jurisdiction, and courts may look to evidence outside the pleadings and make factual findings.") (citing *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement...showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This requirement of facial plausibility means the factual content of a plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the non-moving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Ordinarily, the Court considers only the facts alleged in the complaint when ruling on a motion to dismiss; however, the Court may consider materials attached to the complaint in construing the complaint's sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). But if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *See Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 562). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Rule 8 does not "unlock the doors of

3

discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817–18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

### III.    DISCUSSION

#### A.    The Veteran's Judicial Review Act ("VJRA")

The Government contends that this Court lacks jurisdiction over claims that require review of a Department of Veteran's Affairs ("VA") decision concerning medical care, eligibility, or access. In 1988, Congress enacted the VJRA to establish a framework for the adjudication of veterans' benefits claims. The Act creates a specific appellate review mechanism. *Hicks v. Veteran's Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992).

The process begins with the veteran filing a claim for benefits with a regional office of the VA and includes several levels of appeal. *Mehrkens v. Blank*, 556 F.3d 865, 869 (8th Cir. 2009). If aggrieved, the veteran may appeal the Secretary's initial decision to the Board of Veteran's Appeals. 32 U.S.C. §§ 7105, 7251, 7252(a), 7261. The VJRA, codified at 38 U.S.C. § 511, states as follows:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [the exceptions listed in] subsection (b), the decision of the secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

The Board's decision is final. 38 U.S.C. § 7104. To obtain judicial review, the veteran must file a notice of appeal. 38 U.S.C. § 7266(a). The Court of Veterans Appeals has "exclusive

jurisdiction" to review the decisions of the Board of Veterans' Appeals. *Id*. §§ 7251, 7252(a), 7261. And the Federal Circuit has "exclusive jurisdiction . . . to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id*. §§ 7292(c), (d)(2). Section 7292(d)(1) provides that the Federal Circuit "shall decide all relevant questions of law, including interpreting the constitutional and statutory provisions." "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," courts have declined to create additional remedies. *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988).

In *Thomas v. Principi*, the Circuit Court for the District of Columbia established a test to determine whether Section 511 bars a claim. 394 F.3d 970, 974 (D.C. Cir. 2005). The district court must ask whether adjudicating the Plaintiff's claims will require it "to determine first whether the VA acted properly in handling" the Plaintiff's benefits request. *Id*. Thus, the VJRA bars not only claims arising from a categorical denial of VA benefits—it strips district courts from making any determinations "under a law that affects the provision of benefits by the [VA]." *Smart v. U.S.*, 2025 WL 3145714, *3 (W.D. Tex. Feb. 5, 2025) (citing 38 U.S.C. § 511(a) (emphasis added). The term benefit includes "any . . . service, . . . entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans." 38 C.F.R. § 20.3(e).

In the present case, Plaintiff alleges the VA applied non-statutory labels, diverted him from statutory adjudication processes, relied on standardized denial language, and used internal evidence windows that he characterizes as misbranded "due process," resulting in the denial and mishandling of his benefits requests in 2012, 2014, 2021, and 2025. To address any of these claims, however, this Court would have to both interpret and apply statutory provisions and agency policies and procedures to determine whether VA officials acted in accordance. *Mehrkens v. Blank*,

556 F.3d 865, 870 (8th Cir. 2009) (holding Congress has charged the VJRA with exclusive jurisdiction); *Thomas*, 394 F.3d at 975 (FTCA action brought against VA for failure to render the appropriate medical care services and denial of medical care would require the court to determine whether the VA acted properly in handling a Plaintiff's benefits request); *Weaver v. United States,* 98 F.3d 518, 519–20 (10th Cir. 1996) (refusing jurisdiction where claimant brought a conspiracy and fraud challenge because VA employees allegedly concealed his medical records); *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995) (refusing to grant a *Bivens* remedy for constitutional state tort violations because Congress set up an elaborate remedial structure through the VJRA).  Further any order entered by the Court "would have the federal courts as virtually continuing monitors of the wisdom and soundness of Executive action," *Laird v. Tatum*, 408 U.S. 1, 15 (1972).

Accordingly, the undersigned finds that this Court lacks subject matter jurisdiction to hear this case.

### IV.    CONCLUSION

For the reasons discussed above, it is RECOMMENDED that the Government's Motion to Dismiss (ECF No. 36) be GRANTED and Plaintiff's Complaint dismissed.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in a waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 25th day of February 2026.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE